# FILED

June 18 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 07-0042

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 221N

IN RE THE MARRIAGE OF:

KARA KATHERINE PILSKALNS,
n/k/a  CRISIFULLI,

        Petitioner/Counter-Respondent and Appellant,

   and

ANDREW VITOLDS PILSKALNS,

        Respondent/Counter-Petitioner and Appellee.


APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR 04-132
Honorable Mike Salvagni, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Magdalena C. Bowen, Bowen & Parker, Bozeman, Montana

      For Appellee:

          Rienne H. McElyea, Berg, Lilly & Tollefsen, Bozeman, Montana


          Submitted on Briefs:  November 27, 2007

                  Decided:  June 18, 2008

Filed:

_____
                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kara Pilskalns (Kara) appeals and Andrew Pilskalns (Andrew) cross-appeals from a decree of dissolution entered in the Eighteenth Judicial District Court, Gallatin County, dissolving their marriage and distributing their marital estate. We affirm.

¶3 Kara raises four issues on appeal:

¶4 1. Whether the District Court erred in valuing the couple's home at $250,000.

¶5 2. Whether the District Court erred when it failed to grant a new trial based on the actual sales price of the home after it was sold pursuant to the District Court's order.

¶6 3. Whether the District Court equitably distributed the marital estate.

¶7 4. Whether the District Court erred when it awarded the couple's dog to Andrew.

¶8 On cross-appeal, Andrew raises one issue: whether the District Court erred in denying sanctions against Kara.

¶9 Andrew and Kara were married April 27, 2002. They separated July 1, 2004. During the marriage, the couple lived in a home in Bozeman that Kara had purchased several years before they married. Both Kara and Andrew made significant investments of time and money to remodel the home during the marriage. The couple also purchased a dog which they named Maggie. The couple had no children from the marriage.

¶10    The District Court held a trial February 15 and 16 and June 1, 2006. On August 4, 2006, the court issued its findings of fact, conclusions of law, and decree of dissolution, valuing the marital home at $250,000 and dividing the marital estate fifty-fifty. The court awarded the home to Kara and the dog to Andrew. Neither party was ordered to make an equalization payment to the other.

¶11    Following the District Court's decree, Andrew filed a motion to alter or amend the judgment, alleging the court made mathematical errors in its original dissolution of the marital estate. The District Court recalculated the couple's estate and amended its decree. Under the amended decree, the court ordered Kara to pay Andrew approximately $48,000 in order to equalize the division of the marital estate. The court also ordered that if Kara was unable to pay this amount, she would be required to sell the home. Ultimately, Kara sold the home for $220,000.

¶12    We review a district court's division of marital property to determine whether its findings of fact are clearly erroneous and whether it applied the law correctly. *In re Marriage of Foster*, 2004 MT 326, ¶ 9, 324 Mont. 114, ¶ 9, 102 P.3d 16, ¶ 9. If the findings are not clearly erroneous, we will affirm the distribution of property unless the district court abused its discretion. *In re Marriage of Clark*, 2003 MT 168, ¶ 7, 316 Mont. 327, ¶ 7, 71 P.3d 1228, ¶ 7.

¶13    According to Kara the District Court erred by relying on a 2005 appraisal of the home which valued the home several thousand dollars higher than an earlier appraisal. She argues the District Court compounded this error by failing to consider a decrease in the home's

value due to market conditions. Kara further claims that because the home sold for $30,000 less than the value the court had set, the court erred in refusing to grant a new trial to consider this new evidence. Kara also argues the District Court failed to consider the economic disparity between her and Andrew when it divided the marital estate equally between them. Finally, according to Kara, the court erred when it awarded the couple's dog to Andrew because Andrew gave the dog to Kara as a gift. In the alternative, Kara argues the District Court failed to consider the best interests of the dog when awarding it to Andrew.

¶14     We disagree with Kara's arguments concerning the court's valuation of the home. A district court has broad discretion in determining the value of property in dissolution. The valuation may be premised on expert testimony, lay testimony, documentary evidence, or a combination thereof. A district court may fix the value of marital property at an amount that is supported by the record, provided such value is reasonable in light of the evidence. *Collins v. Collins*, 2004 MT 365, ¶ 17, 324 Mont. 500, ¶ 17, 104 P.3d 1059, ¶ 17 (citation omitted). The District Court's valuation of the home at $250,000 was reasonable and based on an appraisal which was in evidence.

¶15     We also disagree with Kara's argument that the District Court erred when it refused to grant her motion for a new trial. The decision to grant a new trial based upon newly discovered evidence is within the discretion of the district court and will not be overturned absent a showing of manifest abuse of discretion. *Groves v. Clark*, 1999 MT 117, ¶ 32, 294 Mont. 417, ¶ 32, 982 P.2d 446, ¶ 32 (citation omitted). Nothing in the record leads us to conclude the District Court abused its discretion in denying Kara's motion for a new trial. In

addition, the District Court correctly applied the factors set forth § 40-4-202, MCA. Nor do we find that the District Court erred in distributing the dog, Maggie, to Andrew. We decline to adopt the best interest of the child standard for distribution of pets, which are marital property.

¶16 On cross-appeal, Andrew argues the District Court erred when it refused to award sanctions against Kara for failing to disclose significant assets on her income disclosure statements.

¶17 Generally we review a district court's decision whether to award sanctions for an abuse of discretion. *See generally Germann v. Stephens*, 2006 MT 130, ¶ 23, 332 Mont. 303, ¶ 23, 137 P.3d 545, ¶ 23 (citation omitted) (reviewing decision whether to award sanctions for violation of M. R. Civ. P. 16 scheduling order for abuse of discretion). This Court affords the district court discretion in awarding sanctions because the district court sits in the best position to evaluate whether one party has disregarded the rights of the opposing party and what sanctions, if any, are most appropriate for such conduct. *Germann*, ¶ 23 (citation omitted). We decline to disturb the District Court's decision not to impose sanctions against Kara.

¶18 It is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law. Upon review of the record and the corresponding exhibits, we affirm the District Court's decree of dissolution dissolving the Pilskalns' marriage and disposing of their marital estate.

¶19 Affirmed.

/S/ JOHN WARNER

We Concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS